Denisse O. Gastélum, (SBN 282771)
**GASTÉLUM LAW,**
**A PROFESSIONAL CORPORATION**
3767 Worsham Ave.
Long Beach, California 90808
Tel: (213) 340-6112
Fax: (213) 402-8622
Email: dgastelum@gastelumfirm.com

Christian Contreras, (SBN 330269)
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000
Fax: (323) 597-0101
Email: CC@Contreras-Law.com

Attorneys for Plaintiff,
JOSE RAMIREZ

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIREZ, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RIALTO POLICE DEPARTMENT; a public entity; CITY OF RIALTO, a public entity; RALPH BALLEW, individually; and DOES 1 through 10, individually,<br><br>　　　　Defendants. | **CASE NO.: 5:23-cv-1491**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Excessive Force - Fourth Amendment Violation (42 U.S.C. § 1983);<br>2. Policies, Customs, Practices Causing Constitutional Violations (*Monell*, 42 U.S.C. § 1983);<br>3. Failure to Train (*Monell*, 42 U.S.C. § 1983);<br>4. Negligence;<br>5. Battery by Peace Officer;<br>6. Violation of California Civil Code §52.1 (Tom Bane Act)<br><br>**DEMAND FOR JURY TRIAL** |

# INTRODUCTION

1. This civil rights action stemming from April 10, 2022 incident where Defendants RALPH BALLEW (hereinafter "BALLEW"), and DOES 1-5, used a Rialto Police Department patrol vehicle as a deadly weapon to strike Plaintiff JOSE RAMIREZ (hereinafter "RAMIREZ") who was a pedestrian fleeing on foot.

2. It is well established that a vehicle is a deadly weapon. However, in conscious disregard for Plaintiff RAMIREZ's safety and rights, Defendants BALLEW, and DOES 1-5, intentionally used a Rialto Police Department vehicle as a weapon against Plaintiff RAMIREZ who was not presenting a threat to anyone, let alone an immediate threat of death or serious bodily injury.

3. Furthermore, Defendants BALLEW, and DOES 1-5's conduct is a byproduct of Defendants RIALTO POLICE DEPARTMENT and CITY OF RIALTO's unconstitutional customs and practices and failure to train peace officers such as Defendant BALLEW as to the proper use of patrol vehicle causing Defendants BALLEW, and DOES 1-5, to use patrol vehicles as deadly weapons against individuals such as Plaintiff RAMIREZ.

4. Fortunately, Plaintiff RAMIREZ survived the near death experience but suffered significant physical and psychological injuries based upon BALLEW, and DOES 1-5's conduct and Defendants RIALTO POLICE DEPARTMENT and CITY's unconstitutional customs and practices.

5. Accordingly, this Complaint seeks judicial redress and monetary damages for such constitutional violations.

# JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

///

2
**COMPLAINT FOR DAMAGES**

7. Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiff's claims occurred within this district.

8. Plaintiff presented his government claims on October 7, 2022. The government claims were rejected on February 6, 2023. Accordingly, Plaintiff has complied with the California Tort Claims Act requirements with respect to his claims arising under state law.

9. With respect to these supplemental state claims, Plaintiff requests that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## PARTIES

10. Plaintiff JOSE RAMIREZ is and was, at all relevant times, a resident of the City of Rialto, in the County of San Bernardino, State of California.

11. . Defendant CITY OF RIALTO (hereinafter sometimes referred to as "CITY") is municipality with the capacity to sue and be sued, and it operates, manages, directs, and controls Defendant department RIALTO POLICE DEPARTMENT (hereinafter sometimes referred to as "RPD"), also a separate legal entity[1], and public department of the CITY, which employs other defendants and/or DOES, in this action.

12. At all relevant times, Defendants RALPH BALLEW, and DOES 1-5, inclusive, were individuals employed as officers or detectives with the Defendant CITY acting within the course and scope of that employment, under color of law.

13. Plaintiff RAMIREZ does not yet know of the exact names or titles of the individual defendants sued fictitiously as DOES 1-10, inclusive. However, Plaintiff RAMIREZ will seek leave to amend this Complaint to allege such names and titles as that information is ascertained.

///

---

[1] The Ninth Circuit has held that California law permits § 1983 claims against municipal police departments. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 n. 2 (9th Cir. 1988) ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.).

14. Each of the defendants named herein has caused and is responsible for the unlawful conduct and resulting rights violations suffered by Plaintiff RAMIREZ, either through personal participation in the conduct; by acting jointly and in concert with those who did; by authorizing, acquiescing, or failing to take action to prevent or intervene in the unlawful conduct; by promulgating policies or procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to the rights and wellbeing of Plaintiff and others similarly situated, to initiate and maintain adequate supervision and/or training of the wrongful actors; or by officially ratifying or endorsing the misconduct of the actors under their supervision, direction, and/or control.

15. Whenever and wherever reference is made in a claim for relief to any act or omission by a defendant, such allegation and reference shall also be deemed to mean the acts and omissions of each defendant individually, jointly, and severally. Accordingly, each of the individual defendants is sued in their personal capacities for the harms caused by their acts or omissions, whereas the Defendant CITY are sued vis-a-vis the unconstitutional policies, practices, customs, training failures, and/or official ratifications that were the moving force behind the individual defendants' misconduct.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

16. On April 10, 2022, at approximately 1:00 p.m., at or near the intersection of N. Cedar Ave. and W. Buxton Dr., City of Rialto, California 92377, BALLEW, and DOES 1-5 intentionally used a Rialto Police Department (hereinafter sometimes "RPD") patrol vehicle, a deadly weapon, to strike Plaintiff RAMIREZ who was running on foot.

17. On such date and time, BALLEW, and DOES 1-5, while on duty and in the course of pursuing Plaintiff RAMIREZ to undertake a warrantless arrest of Plaintiff RAMIREZ, intentionally struck Plaintiff RAMIREZ with a patrol vehicle as Plaintiff RAMIREZ fled on foot despite Plaintiff RAMIREZ not presenting a threat, let alone an imminent threat of death or serious bodily injury. Said use of force was intentionally

inflicted to seize Plaintiff RAMIREZ causing permanent personal injuries.

18. Defendant BALLEW and RPD police officers originally attempted to make contact with Plaintiff RAMIREZ based upon a non-violent and non-serious call regarding a domestic dispute between Plaintiff RAMIREZ and his sister at their home in Rialto.

19. When RPD police officers arrived to Plaintiff RAMIREZ's home, Plaintiff RAMIREZ left the area on foot which prompted Defendant BALLEW and DOES 1-5 to pursue Plaintiff RAMIREZ.

20. When Plaintiff RAMIREZ left his home and was on foot, Plaintiff RAMIREZ was not a threat to the safety of Defendants BALLEW and DOES 1-5 nor any members of the public.

21. Eventually, Plaintiff RAMIREZ travelled a mere four (4) block away from his home, near the intersection of N. Cedar Ave. and W. Buxton Dr., City of Rialto, California 92377. As Plaintiff RAMIREZ was travelling on foot near the intersection of N. Cedar Ave. and W. Buxton Dr., Defendants BALLEW and DOES 1-5 were near Plaintiff RAMIREZ.

22. As Plaintiff RAMIREZ was on foot and not presenting a threat to anyone, Defendants BALLEW and DOES 1-5 abruptly and without warning, used a RPD patrol vehicle to strike Plaintiff RAMIREZ at a high rate of speed. The violent vehicle strike caused Plaintiff RAMIREZ to fall onto the floor and hit multiple parts of his body on the floor including his head.

23. The use of a patrol vehicle to violently strike Plaintiff RAMIREZ was not an accident or inadvertence. Defendants BALLEW and DOES 1-5 intentionally meant to strike Plaintiff RAMIREZ as he was fleeing on foot to stop him from fleeing.

24. Upon information and belief, at no time prior to resorting to deadly force did Defendants BALLEW and DOES 1-5 issue a warning that force was going to be used, let alone a warning of deadly force.

///

25. Worst yet, upon information and belief, at no time prior to resorting to deadly force did Defendants BALLEW and DOES 1-5 attempt to use less than lethal force options. In fact, there was no attempt to de-escalate the situation. Defendants BALLEW and DOES 1-5 simply resorted to the immediate use of deadly force to harm Plaintiff RAMIREZ.

26. Fortunately, Plaintiff RAMIREZ survived the near death experience but suffered significant physical and psychological injuries based upon Defendants BALLEW and DOES 1-5's conduct.

27. Furthermore, after being hit by the patrol vehicle, Plaintiff RAMIREZ was falsely arrested, battered and subjected to threats by Defendants BALLEW and DOES 1-5 in attempt to intimidate him from asserting his constitutional rights against unreasonable searches and seizures and his right to remain silent.

28. The excessive force and resultant injuries on the person of Plaintiff RAMIREZ , as well as the other acts and omissions enumerated herein, were done as a result of, or pursuant to, the unconstitutional policies, practices, customs, and procedures in place at the CITY OF RIALTO and sanctioned, authorized and ratified by the CITY, and those other captains, lieutenants, supervisors, persons, officials and police officers of the Rialto Police Department and the CITY OF RIALTO who have policy-making authority.

29. Finally, the excessive force used upon the person of Plaintiff RAMIREZ by Defendants BALLEW and DOES 1-5 was a result of the failure of the CITY to adequately and sufficiently train Defendants BALLEW and DOES 1-5 who used the excessive force against Plaintiff RAMIREZ and the other officers who were present during the incident as to proper police practices and tactics for the management and control of persons as well as the proper use of detention procedures against fleeing persons.

///

///

**COMPLAINT FOR DAMAGES**

# FIRST CLAIM FOR RELIEF

## Excessive Force - Fourth Amendment Violation

## (42 U.S.C. § 1983)

## (Plaintiff as to Defendants BALLEW and DOES 1-5)

30. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

31. The Fourth Amendment to the United States protects individuals such as Plaintiff from unreasonable searches and seizures by state actors such as Defendants. Under the Fourth Amendment, a peace officer may use only such force as is "objectively reasonable" under all of the circumstances.

32. At all relevant times, Defendants BALLEW and DOES 1-5 were acting under color of law as RPD officers.

33. On April 10, 2022, Defendants BALLEW and DOES 1-5 used excessive force on Plaintiff RAMIREZ by using a RPD patrol vehicle, a deadly weapon, to strike Plaintiff RAMIREZ who was simply fleeing on foot near his home.

34. When Defendants BALLEW and DOES 1-5 used a deadly weapon, the RPD patrol vehicle, to strike Plaintiff RAMIREZ, Plaintiff RAMIREZ was not a threat, let alone an immediate threat, to anyone including Defendants BALLEW and DOES 1-5. In fact, Plaintiff RAMIREZ was simply running away when he was struck by Defendants BALLEW and DOES 1-5.

35. The use of a patrol vehicle to violently strike Plaintiff RAMIREZ was not an accident or inadvertence. Defendants BALLEW and DOES 1-5 intentionally meant to strike Plaintiff RAMIREZ as he was fleeing on foot to stop him from fleeing.

36. It is well established that a patrol vehicle is a deadly weapon. *See Scott v. Harris,* 550 U.S. 372, 382 (2007) (U.S. Supreme Court held that an officer had used deadly force when he rammed into a suspect's vehicle with his patrol car to stop a highspeed chase.); *see also United States v. Aceves–Rosales*, 832 F.2d 1155, 1157 (9th Cir. 1987) ("It is indisputable that an automobile can inflict deadly force on a person

and that it can be used as a deadly weapon.").

37. It is also well established that a peace officer, such as Defendants BALLEW and DOES 1-5, cannot use a patrol vehicle to strike a fleeing person unless the officer has probable cause to believe that the suspect poses a threat of physical harm to himself or others. *See Gonzales v. San Jose*, No. 19-cv-08195-NC, 2020 WL 5407993, at *5-6 (N.D. Cal. Sept. 9, 2020) (stating that in 2019, it was clearly established that vehicles can be used as a deadly weapon and striking someone with a vehicle could inflict deadly force and that an officer may only use deadly force to apprehend a fleeing suspect when the officer has probable cause to believe that the suspect poses a threat of physical harm to himself or others) (citing Ninth Circuit Court of Appeals and Supreme Court cases); *see also Saetrum v. Vogt,* 673 Fed. App'x 688, 690 (9th Cir. 2016) ("cases from this and other circuits clearly establish that using a car as an impact weapon constituted at least a significant, intermediate level of force").

38. Moreover, upon information and belief, Defendants BALLEW and DOES 1-5, inclusive, failed to use less than lethal force options and immediately resorted to the use of deadly force.

39. Furthermore, upon information and belief, Defendants BALLEW and DOES 1-5 did not provide Plaintiff RAMIREZ a warning that he was going to use deadly force. *See Tennessee v. Garner*, 471 U.S. 1, 11–12 (1985).

40. Therefore, given that Plaintiff RAMIREZ was not an immediate threat to the safety of Defendants BALLEW and DOES 1-5, any other officer, nor a member of the public, Defendants BALLEW and DOES 1-5 violated Plaintiff RAMIREZ's Fourth Amendment rights.

41. As a result of Defendants BALLEW and DOES 1-5's conduct, Defendants BALLEW and DOES 1-5, directly and proximately caused Plaintiff RAMIREZ to needlessly suffer severe physical, psychological, and emotional pain to which he is entitled to recover compensatory damages. Plaintiff is also entitled to recover reasonable attorneys' fees and costs incurred by Plaintiff in presenting, maintaining,

and prosecuting this action, pursuant to 42 U.S.C. § 1988.

42. Finally, Plaintiff RAMIREZ is also entitled to recover punitive damages against Defendants BALLEW and DOES 1-5 given that Defendants subjected Plaintiff RAMIREZ to cruel and unjust hardship in willful and conscious disregard of his rights and safety. The conduct of Defendants BALLEW and DOES 1-5 amounted to a malicious and/or oppressive breach of duty necessary to punish and make an example of his despicable conduct.

## SECOND CLAIM FOR RELIEF

**Policies, Customs, Practices Causing Constitutional Violations**

(*Monell*, 42 U.S.C. § 1983)

**(Plaintiff as to Defendants CITY, RPD and DOES 6-10)**

43. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

44. The present cause of action is brought under 42 U.S.C. § 1983, *Monell v. Dept. of Social Services*, and all other relevant case law and precedent, under which Defendants CITY and RPD are liable by way of the policies, customs, or directives that were substantial moving forces behind Plaintiff's constitutional violations.

45. At all relevant times, Defendants BALLEW and DOES 1-5 were acting in the course of their employment with Defendants CITY and RPD, under color of law. The actions and omissions of Defendants BALLEW and DOES 1-5 deprived Plaintiff RAMIREZ of particular rights guaranteed under the laws and Constitutions of the United States and California, as set forth above, prior claims for relief.

46. On and for some time prior to April 10, 2022 (and continuing to the present date), Defendants CITY, RPD and DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff RAMIREZ, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

A. Permitting officers such as Defendants BALLEW and DOES 1-5 to use patrol vehicles as impact weapons;

B. Permitting officers such as Defendants BALLEW and DOES 1-5, to use patrol vehicles on fleeing pedestrians such as Plaintiff RAMIREZ, when such individuals are not a threat to the safety of officers;

C. Permitting officers such as Defendants BALLEW and DOES 1-5, to use force on individuals such as Plaintiff RAMIREZ when such individuals are not a threat to the safety of officers;

D. Employing and retaining as police officers and other personnel, including Defendants BALLEW and DOES 1-5, whom Defendants CITY, RPD and Does 6-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written department policies, including the use of excessive force;

E. Of inadequately supervising, training, controlling, assigning, and disciplining CITY and RPD employees and other personnel, including Defendants BALLEW and DOES 1-5, whom Defendants CITY, RPD and Does 6-10 knew or in the exercise of reasonable care should have known had the violent propensities and character traits, including the propensity for violence and the use of excessive force;

F. Permitting police officers such as Defendants BALLEW and DOES 1-5 to use force on individuals such as Plaintiff RAMIREZ when such individuals are verbally expressing disdain for law enforcement;

G. Permitting police officers such as Defendants BALLEW and DOES 1-5 to use force on individuals such as Plaintiff RAMIREZ when such individuals are not a threat to the safety of officers; and

H. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional

10
**COMPLAINT FOR DAMAGES**

misconduct by Defendants BALLEW and DOES 1-5, and other officers, who are police officers and/or agents of CITY and RPD;

47. Defendants CITY, RPD and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff RAMIREZ, and other individuals similarly situated.

48. The aforementioned customs, policies, practices, and procedures as well as the CITY and RPD's failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of individual Defendants were a moving force and/or a proximate cause of the deprivations of Plaintiff RAMIREZ's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983. Clearly, Defendants subjected Plaintiff RAMIREZ to their wrongful conduct, depriving Plaintiff RAMIREZ of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff RAMIREZ and others similarly situated.

49. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY, RPD and Does 6-10 acted with intentional, reckless, and callous disregard of Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, RPD and Does 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

50. On information and belief, Defendants BALLEW and DOES 1-5's unjustified use of force on Plaintiff RAMIREZ was found to be within CITY and RPD

policy. On information and belief, Defendants BALLEW and DOES 1-5's unjustified use of force on Plaintiff RAMIREZ was ratified by the CITY and RPD. On information and belief, Defendants BALLEW and DOES 1-5 were not disciplined for the unjustified use of force on Plaintiff RAMIREZ. On information and belief, the unconstitutional conduct of Defendants BALLEW and DOES 1-5's has been ratified before thereby further enabling Defendants BALLEW and DOES 1-5 to act pursuant to a custom and practice within the CITY and RPD.

51. Accordingly, the Defendants CITY and RPD are liable for the injuries and rights violations perpetrated by its employees, agents, representatives, and/or officers, including the Defendants BALLEW and DOES 1-5, on account of the unconstitutional policies, practices, and customs that precipitated these harms, as set forth in all other relevant causes of action brought under 42 U.S.C. § 1983 herein.

### THIRD CLAIM FOR RELIEF

### Failure to Train

### (*Monell*, 42 U.S.C. § 1983)

### (Plaintiff as to Defendants CITY, RPD and DOES 6-10)

52. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

53. The present cause of action is brought under 42 U.S.C. § 1983, *Monell v. Dept. of Social Services*, and all other relevant case law and precedent, under which Defendants CITY and RPD are liable by way of the policies, customs, or directives that were substantial moving forces behind Plaintiff's constitutional violations.

54. Plaintiff RAMIREZ claims that he was deprived of his civil rights as a result of the Defendants CITY and RPD's failure to train its employees, including Defendants BALLEW and DOES 1-5.

55. At all relevant times, Defendants BALLEW and DOES 1-5 were acting in the course of their employment with Defendants CITY and RPD, under color of law. The actions and omissions of Defendants BALLEW and DOES 1-5 deprived Plaintiff

RAMIREZ of particular rights guaranteed under the laws and Constitutions of the United States and California, as set forth in the relevant claims for relief.

56. Prior to the instant use of deadly/immediate force on Plaintiff, the CITY and RPD's training of Defendants BALLEW and DOES 1-5 did not adequately instill the necessary discipline, restraint, and respect for civil rights required of enforcement personnel, especially in light of the CITY and RPD's decision to continue to employ Defendants BALLEW and DOES 1-5 despite their violent propensities and documented history of violating civil rights.

57. This failure of the CITY and RPD to provide adequate training caused the variously alleged deprivations of Plaintiff RAMIREZ's rights by Defendants BALLEW and DOES 1-5; that is, the CITY and RPD's failure to train is so closely related to the deprivation of Plaintiff RAMIREZ's rights as to be the moving force that caused his ultimate injuries.

58. Clearly, Defendants CITY and RPD were deliberately indifferent to the obvious consequences of its failure to train its police officers adequately.

59. Accordingly, Defendants CITY and RPD are liable for the rights violations perpetrated by its employees, agents, representatives, or officers, including Defendants BALLEW and DOES 1-5, on account of the unacceptable failures in their training that precipitated the various harms set forth in all other relevant causes of action brought under 42 U.S.C. § 1983 herein.

## FOURTH CLAIM FOR RELIEF

### Negligence

**(Plaintiff As Against All Defendants)**

60. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

61. The present cause of action is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820, as a public employee, Defendants BALLEW and DOES 1-5, are liable for injuries caused by his acts or omissions to the same extent as

private persons. Under Section 815.2, the defendant public entity, CITY and RPD, are vicariously liable for injuries caused by the acts or omissions of its employees, officers, and agents, committed within the course and scope of that employment. This cause of action is not alleging direct liability against Defendants CITY and RPD, only vicarious liability. *See* Cal. Gov. Code § 815.2(a-b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

62. Plaintiff RAMIREZ claims that Defendants BALLEW and DOES 1-5, inclusive, were negligent when they used deadly force on Plaintiff RAMIREZ.

63. Defendants BALLEW and DOES 1-5, inclusive, and each of them, owed Plaintiff RAMIREZ a duty of care. Such duty a care owed to Plaintiff RAMIREZ required Defendants BALLEW and DOES 1-5, inclusive, and each of them, to refrain from the use of force including deadly force unless objectively necessary to defend human life, to use reasonable tactics and decision-making ahead of each such resort to deadly force, and to intervene in foreseeable breaches thereof by other peace officers whenever possible. *See* Cal. Pen. Code § 835a; *Hayes v. County of San Diego* (2013) 57 Cal.4th 622, 628-29; CACI 440-441.

64. Defendants BALLEW and DOES 1-5, inclusive, and each of them, breached one or more of these duties by resorting to deadly force unnecessarily, and/or using unreasonable pre-deadly force tactics and decision-making, when Defendants BALLEW and DOES 1-5, inclusive used deadly force on Plaintiff RAMIREZ by using a RPD patrol vehicle to violently strike Plaintiff RAMIREZ who was fleeing on foot and not presenting an imminent threat of death or serious bodily injury.

65. The use of a patrol vehicle to violently strike Plaintiff RAMIREZ was not an accident or inadvertence. Defendants BALLEW and DOES 1-5 intentionally meant to strike Plaintiff RAMIREZ as he was fleeing on foot to stop him from fleeing.

66. Furthermore, Defendants BALLEW and DOES 1-5, inclusive, and each of them, also breached one or more of these duties by resorting to force unnecessarily, and/or using unreasonable pre-force tactics and decision-making, when Defendants

BALLEW and DOES 1-5, inclusive used force on Plaintiff RAMIREZ by using a RPD patrol vehicle to violently strike Plaintiff RAMIREZ who was fleeing on foot and not presenting a threat warranting the use of such force.

67. As previously set forth, the deadly force/intermediate force used by Defendants BALLEW and DOES 1-5, inclusive, and each of them, was not necessary to defend human life nor to apprehend a fleeing felon under California law, as Plaintiff RAMIREZ was simply running away not presenting any threat whatsoever. Indeed, the deadly force/intermediate force used by Defendants BALLEW and DOES 1-5 was not "objectively reasonable" under the circumstances.

68. Moreover, Defendants BALLEW and DOES 1-5, inclusive, and each of them, did not make reasonable efforts to warn of deadly force, use less then lethal force, or deescalate the situation. Clearly, Defendants BALLEW and DOES 1-5 also implemented negligent pre-force tactics.

69. Each such breach of duty of care was a substantial factor in causing harm to Plaintiff RAMIREZ to the extent the unreasonable pre-force tactics, decisions, non-interventions, and ultimate resort to deadly force directly caused Plaintiff's injuries because the conduct of Defendants BALLEW and DOES 1-5, inclusive, and each of them caused Plaintiff RAMIREZ physical and psychological injuries. Indeed, due to the injuries caused by Defendants BALLEW and DOES 1-5, inclusive, and each of them, Plaintiff RAMIREZ suffered severe physical, mental, and emotional anguish.

## FIFTH CLAIM FOR RELIEF

### Battery by Peace Officer

### (Plaintiff As All Against Defendants)

70. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

71. The present cause of action is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820, as a public employee, Defendants BALLEW and DOES 1-5, are liable for injuries caused by his acts or omissions to the same extent as

private persons. Under Section 815.2, the defendant public entity, CITY and RPD, are vicariously liable for injuries caused by the acts or omissions of its employees, officers, and agents, committed within the course and scope of that employment. This cause of action is not alleging direct liability against Defendants CITY and RPD, only vicarious liability. *See* Cal. Gov. Code § 815.2(a-b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

72. Defendants BALLEW and DOES 1-5, inclusive, and each of them, intentionally made physical contact with Plaintiff RAMIREZ's person by using a patrol vehicle to directly strike Plaintiff RAMIREZ.

73. Indeed, it is clear that Defendants BALLEW and DOES 1-5, inclusive, intended to physically strike Plaintiff RAMIREZ because Defendants BALLEW and DOES 1-5 struck Plaintiff RAMIREZ to stop him from fleeing.

74. The use of a patrol vehicle to violently strike Plaintiff RAMIREZ was not an accident or inadvertence. Defendants BALLEW and DOES 1-5 intentionally meant to strike Plaintiff RAMIREZ as he was fleeing on foot to stop him from fleeing.

75. Each act or omission was a substantial factor in causing harm to Plaintiff RAMIREZ because the conduct of Defendants BALLEW and DOES 1-5, inclusive, and each of them caused Plaintiff RAMIREZ physical and psychological injuries. Indeed, due to the injuries caused by Defendants BALLEW and DOES 1-5, inclusive, and each of them, Plaintiff RAMIREZ suffered severe physical, mental, and emotional anguish.

76. Further, Defendants BALLEW and DOES 1-5, inclusive, and each of them have demonstrated willful and conscious disregard for Plaintiff RAMIREZ's rights and wellbeing, thereby subjecting Plaintiff RAMIREZ to cruel and unjust hardship. Accordingly, Defendants' conduct was malicious and oppressive under Cal. Civ. Code § 3294, entitling Plaintiff RAMIREZ to recover both punitive and compensatory damages to deter future misconduct by the example of Defendants' punishment.

## SIXTH CLAIM FOR RELIEF

## Violation of California Civil Code §52.1

## (Tom Bane Act)

## (Plaintiff As Against Defendants)

77. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

78. The present cause of action is brought pursuant to Cal. Civ. Code § 52.1 as well as Cal. Gov. Code §§ 815.2 and 820. Under Section 820, as a public employee, Defendants BALLEW and DOES 1-5, are liable for injuries caused by his acts or omissions to the same extent as private persons. Under Section 815.2, the defendant public entity, CITY and RPD, are vicariously liable for injuries caused by the acts or omissions of its employees, officers, and agents, committed within the course and scope of that employment. This cause of action is not alleging direct liability against Defendants CITY and RPD, only vicarious liability. *See* Cal. Gov. Code § 815.2(a-b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

79. Additionally, Cal. Civ. Code § 52.1(b) authorizes a private right of action for damages by any person whose constitutional rights are violated by use of threats, intimidation, or coercion. Importantly, Section 52.1 serves as an analogous state-law basis for bringing excessive/unreasonable force claims as that provided under the Fourth Amendment to the United States Constitution. *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-6 (9th Cir. 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983.")); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate, and excessive force—is [] within the protection of the Bane Act.").

80. As previously set forth, Defendants BALLEW and DOES 1-5, inclusive, and each of them, either intentionally used deadly/intermediate force on Plaintiff RAMIREZ thereby interfering with the exercise and enjoyment of his civil rights under

the laws and Constitutions of the United States and California, including but not limited to the rights to be free from unreasonable seizure and excessive force (U.S. Const. amend. IV; and Cal. Const. Art. I § 13), the right to due process (U.S. Const. amend. XIV; and Cal. Const. Art. I § 7(a)), and the right to protection from undue restraint and/or harm to life, liberty, and property (Cal. Const. Art. I § 1).

81. Defendants BALLEW and DOES 1-5, inclusive, and each of them, acted with the specific intent to interfere, or attempt to interfere, with Plaintiff RAMIREZ's right to be free from unreasonable seizures through threats, intimidation, and coercion. Indeed, based upon Plaintiff RAMIREZ not being a threat or danger or anyone including Defendants BALLEW and DOES 1-5, inclusive, and each of them, it is clear that Defendants BALLEW and DOES 1-5, inclusive, and each of them, acted with the specific intent to interfere, or attempt to interfere, with Plaintiff RAMIREZ's rights.

82. In interfering with Plaintiff RAMIREZ's rights, Defendants BALLEW and DOES 1-5, inclusive used threats, intimidation, and coercion in using a deadly/intermediate force which was excessive reflecting a clear and specific intent to deprive Plaintiff RAMIREZ of the aforementioned rights and liberties, and/or a reckless disregard for substantial risks of violations thereof.

83. The use of a patrol vehicle to violently strike Plaintiff RAMIREZ was not an accident or inadvertence. Defendants BALLEW and DOES 1-5 intentionally meant to strike Plaintiff RAMIREZ as he was fleeing on foot to stop him from fleeing further showing that Defendants BALLEW and DOES 1-5 acted with the specific intent to deprive Plaintiff of his rights through threats, intimidation and coercion.

84. Each act or omission was a substantial factor in causing harm to Plaintiff RAMIREZ because the conduct of Defendants BALLEW and DOES 1-5, inclusive, and each of them caused Plaintiff RAMIREZ physical and psychological injuries. Indeed, due to the injuries caused by Defendants BALLEW and DOES 1-5, inclusive, and each of them, Plaintiff RAMIREZ suffered severe physical, mental, and emotional anguish.

85. Further, Defendants BALLEW and DOES 1-5, inclusive, and each of them have demonstrated willful and conscious disregard for Plaintiff RAMIREZ's rights and wellbeing, thereby subjecting Plaintiff RAMIREZ to cruel and unjust hardship. Accordingly, Defendants' conduct was malicious and oppressive under Cal. Civ. Code § 3294, entitling Plaintiff RAMIREZ to recover both punitive and compensatory damages to deter future misconduct by the example of Defendants' punishment.

86. Finally, based upon the conduct of Defendants BALLEW and DOES 1-5, inclusive, and each of them, violating the Bane Act, Plaintiff is entitled to a multiplier of damages, a civil penalties of $25,000 and the reasonable value of attorneys' fees and costs, as authorized under Cal. Civ. Code § 52.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court enter a judgment as follows:

A. General damages, according to proof plus all further and proper relief;

B. Non-Economic damages, according to proof plus all further and proper relief;

C. Punitive damages as to individual defendants;

D. Attorney's fees pursuant to State Law & Federal Law (Cal. Code Civ. Proc. § 1021.5 & private attorney general doctrine; 42 U.S.C. § 1988);

E. For a multiplier of damages and penalties under California Civil Code § 52;

F. Interest; and

///
///
///
///
///

G. All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure § 1021.5; California Civil Code §§ 52 *et seq*., 52.1; and as otherwise may be allowed by California and/or federal law.

Dated: July 28, 2023  **GASTÉLUM LAW, APC**

By: /s/ Denisse O. Gastélum
Denisse O. Gastélum, Esq.
Attorneys for Plaintiff,
JOSE RAMIREZ

Dated: July 28, 2023  **LAW OFFICES OF CHRISTIAN CONTRERAS**
  **A Professional Law Corporation**

By: /s/ Christian Contreras
Christian Contreras, Esq.
Attorneys for Plaintiff,
JOSE RAMIREZ

## DEMAND FOR JURY TRIAL

Plaintiff JOSE RAMIREZ hereby makes a demand for a jury trial on all claims for relief.

Dated: July 28, 2023  **GASTÉLUM LAW, APC**

By: /s/ Denisse O. Gastélum
Denisse O. Gastélum, Esq.
Attorneys for Plaintiff,
JOSE RAMIREZ

Dated: July 28, 2023  **LAW OFFICES OF CHRISTIAN CONTRERAS**
  **A Professional Law Corporation**

By: /s/ Christian Contreras
Christian Contreras, Esq.
Attorneys for Plaintiff,
JOSE RAMIREZ